UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | USDC No. 22-cr-381-02 (JEB) |
| Jacob Michael Therres,,   *defendant*.  ) | |

UNOPPOSED MOTION TO MODIFY CONDITION OF RELEASE

Defendant, through undersigned counsel Nathan I. Silver, II, Esq. ("counsel"), appointed by this Court under the Criminal Justice Act, respectfully moves the Court to modify his conditions of release. The reasons follow.

1. ECF Doc. 23, "Order Setting Conditions of Release," signed by U.S. Magistrate Judge G. Michael Harvey and filed Nov. 22, 2022. placed the defendant on home detention with electronic (location) monitoring (page 2, ¶7(p)(ii)), to be directed by the Pretrial Services Agency ("PSA") officer (page 3, ¶7(q)(i)). The defendant, who owns a contracting company with three employees, was ordered to provide at least twenty-four (24) hours notice to PSA of jobs and locations he is hired to do.

2. John Stagg of PSA for the District of Maryland contacted counsel on Tuesday, Nov. 29 because of a complication he finds in the current release conditions. He explained that under his guidelines (for PSA in Maryland) such an arrangement is unworkable. He informed counsel that a curfew would be practicable in the circumstances, as it would eliminate the need for continual updating of jobs and locations while not interfering with PSA's ability to track the whereabouts of the defendant.[1]

---

[1] Magistrate Judge G. Michael Harvey specifically said when he released the defendant (though it does not appear in the text of the release order) that he would be able to leave a job location to obtain materials, then return to the job site without violating his conditions. PSA Off. Stagg said that his office would view that as a separate trip requiring advance approval. (Ordinarily, PSA, at least in this district, requires defendants to submit a work schedule at least one week in advance.)

3. The defendant, through counsel, informed the government of the problem and the proposed solution. The government does not oppose this request, conditioned on deferring to PSA Off. Stagg with respect to the hours the curfew would be in effect. Counsel has attempted to reach Off. Stagg for his proposed hours but has not succeeded by the time of this filing. The defendant would be comfortable with a curfew from 8 o'clock p.m. to 7 o'clock a.m., as it would allow him sufficient time in most, if not all, instances, to get to and from his job sites.[2]

For these reasons, the defendant moves the Court to modify his condition of release by imposing a curfew daily and on weekends.

A proposed Order is attached.

WHEREFORE, the defendant respectfully moves the Court to grant said relief.

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Andrew J. Tessman, Esq., DOJ-USAO (W. VA), attorney of record for the United States, this 1st day of December, 2022.

/s/
_____

---

[2] Ordinarily, curfews are imposed from 10 p.m. at night to 6 a.m. the following morning. The government is prepared to defer to PSA on the hours it believes are suitable. Defendant's counsel will try to obtain that information from Off. Stagg before the status hearing set for Monday, Dec. 5..

*Nathan I. Silver, II*